UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE EDWARD ABRAMCZYK,

    Petitioner,

v.

Case No. 1:07-cv-235
Hon. Robert J. Jonker

MARY BERGHUIS,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

Following a jury trial, petitioner was convicted of three counts of delivery of 50 grams or more but less than 225 grams of a controlled substance (morphine), contrary to M.C.L. § 333.7401(2)(a)(iii). *People v. Abramczyk*, No. 253449, slip op. at 1 (Mich. App. Oct. 11, 2005).[1] The court sentenced petitioner to three consecutive terms of 10 to 40 years imprisonment.[2] *Id.*

---

[1] The statute has since been amended and now applies to amounts of 50 grams or more but less than 450 grams of a controlled substance. *See Ambramczyk*, No. 253449, slip. op. at 1 fn. 1.

[2] The sentence for a violation of M.C.L. § 333.7401(2)(a)(iii) is imprisonment for not less than 10 years nor more than 20 years. Petitioner's sentence was enhanced by M.C.L. § 333.7401(3), which provides that a term of imprisonment imposed under M.C.L. § 333.7401(2)(a)(i), (ii), (iii) or (iv) "shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony." Petitioner's sentence was further enhanced by M.C.L. § 333.7413(2), which provides in pertinent part that "an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term authorized." *See, e.g., People v. Davenport*, 205 Mich. App. 399, 522 N.W.2d 339 (1994) (affirming sentences for violations of M.C.L. § 333.7401(2)(a)(iv) that were doubled and made to run consecutively pursuant to M.C.L. § 333.7401(3) and M.C.L. § 333.7413(2)).

Petitioner, through counsel, presented four issues on appeal:

I. [Petitioner's] constitutional right to due process was violated because the prosecution failed to prove an essential element of the case - specifically, that the morphine he provided to the informant was a Schedule 2, and not a Schedule 3, substance.

II. Manifest injustice occurred when the trial court gave the jury legally incorrect instructions on the basic elements of the crime of delivery of a Schedule 2 substance. Alternatively, [petitioner] was deprived of the effective assistance of counsel due to his counsel's failure to object to the jury instructions as given.

III. [Petitioner's] conviction must be reversed because the trial court erred in finding that he was not entrapped by the police.

IV. [Petitioner] is entitled to resentencing because he should have been sentenced under the new amendments to the drug sentencing laws.

Brief on Appeal (docket no. 38). The Michigan Court of Appeals affirmed the convictions and sentences. *Abramczyk*, No. 253449.

Petitioner, through counsel, raised the same four issues in his application for leave to appeal to the Michigan Supreme Court, which that court denied. *People v. Abramczyk*, No. 130019 (Mich. June 26, 2006) (docket no. 39). The Michigan Supreme Court also denied petitioner's motion for reconsideration. *Abramczyk*, No. 130019 (Mich. Aug. 29, 2006) (docket no. 39).

Abramczyk filed a petition seeking habeas relief on three grounds:

I. [Petitioner's] Constitutional right to due process was violated because the prosecution failed to prove an essential element of the case.

II. Manifest injustice occurred when the trial court gave the jury legally incorrect instructions on the basic elements of the crime of delivery of a Schedule 2 substance.

2

[III.] Alternatively, I was deprived of the effective assistance of counsel due to my counsel's failure to object to the jury's instructions given.[3]

Petition (docket no.1).

## II. Discussion

### A. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted the issues raised in his petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[3] Petitioner listed the ineffective assistance of counsel claim as an alternative to Issue II. For purposes of this report, the court will construe this as a separate claim identified as Issue III.

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### B. Sufficiency of the evidence claim (Issue I)

### 1. The state appellate court's decision

Petitioner was convicted of three counts of delivery of 50 grams or more but less than 225 grams of a controlled substance (morphine), contrary to M.C.L. § 333.7401(2)(a)(iii) which sets forth the penalty for the delivery of a Schedule 2 substance. The government established this statutory element of the crime through the testimony of Ms. Anne Kidd, a forensic scientist with the

Michigan State Police. Ms. Kidd testified that the substances provided by petitioner to the government's informant (i.e., People's Exhibits 1, 2, 3 and 4) contained morphine, a Schedule 2 controlled substance. Trial Trans. I at pp. 206-07, 239-40, 243-46, 271-72, 284-91, 357 (docket no. 35). Among other things, Ms. Kidd testified that Exhibit No. 1 weighed 126.2 grams, Exhibit No. 2 weighed 118.4 grams, and Exhibit No. 3 weighed 66.3 grams. *Id* at pp. 281, 285-88.

In Issue I, petitioner contends that the prosecution failed to prove an essential element of its case, because the substance at issue was not a Schedule 2 controlled substance. Petitioner does not point to any evidence presented at trial to dispute Ms. Kidd's testimony, but rather contends that the morphine could have been considered a Schedule 3 substance under MCL 333.7401(2)(b)(ii) (the statute setting forth the less harsh penalty for delivery of a Schedule 3 substance). Petitioner asserted on appeal (and renews the assertion in this habeas action) that the prosecution made a "fatal assumption: namely, that morphine is always a Schedule 2 narcotic." Brief on Appeal at p. 8 (docket no 38). The Michigan Court of Appeals rejected this claim on direct appeal:

> Defendant first argues that the prosecution failed to prove an essential element of the crimes, specifically, that the morphine he delivered was a schedule 2 substance under MCL 333.7214(a)(i) rather than a schedule 3 substance under MCL 333.7216(1)(g)(viii). Essentially, this issue is one of statutory interpretation. We review issues of statutory interpretation de novo. *People v. Stewart*, 472 Mich. 624, 631; 698 NW2d 340 (2005).
>
> The version of MCL 333.7401 applicable to defendant's situation stated, in part:
>
>> (1) Except as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form. A practitioner licensed by the administrator under this article shall not dispense, prescribe, or administer a controlled substance for other than legitimate and professionally recognized therapeutic or scientific purposes or

5

outside the scope of practice of the practitioner, licensee, or applicant.

(2) A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(iv) and:

* * *

(iii) Which is in an amount of 50 grams or more, but less than 225 grams, of any mixture containing that substance is guilty of a felony . . . .

MCL 333.7401(2)(b)(ii) indicates (and indicated at the time applicable to defendant's situation) that a person violating the section with regard to "[a]ny other controlled substance classified in schedule 1, 2, or 3, except marihuana[,] is guilty of a felony . . . ." MCL 333.7401(2)(a)(iii) provides for a harsher penalty than MCL 333.7401(2)(b)(ii). In fact, at the time applicable to defendant's situation, MCL 333.7401(2)(a)(iii) mandated imprisonment of "not less than 10 years" for a violation of the statute. [FN2]

MCL 333.7214 states, in part:

The following controlled substances are included in schedule 2:

(a) Any of the following substances, except those narcotic drugs listed in other schedules, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by combination of extraction and chemical synthesis:

(i) . . . . Morphine[.]

MCL 333.7216 states, in part:

(1) The following controlled substances are included in schedule 3:

* * *

(g) Any material, compound, mixture, or preparation containing limited quantities of any of the following narcotic drugs or their salts:

* * *

(viii) Not more than 50 milligrams of morphine, or any of its salts, per 100 milliliters or per 100 grams, with 1 or more active nonnarcotic ingredients in recognized therapeutic amounts.

Defendant contends that if MCL 333.7214(a)(i) and MCL 333.7216(1)(g)(viii) are read together, it becomes apparent that, in this case, the prosecutor was required to prove that the morphine defendant delivered contained more than fifty milligrams of morphine per one hundred milliliters or grams of a nonnarcotic substance and thus was classified as a schedule 2 drug rather than a schedule 3 drug. He contends that MCL 333.7401(2)(b)(ii) rather than MCL 333.7401(2)(a)(iii) might have applied to his circumstances and that a new trial is therefore required. We disagree.

As noted above, MCL 333.7401(2)(a) indicates that it applies to a schedule 2 controlled substance. Morphine is classified as a schedule 2 substance under MCL 333.7214(a)(i) and further indicates that "those narcotic drugs listed in other schedules" are not included in schedule 2. However, the exception for "those narcotic drugs listed in other schedules" is something that must be raised by the defendant before it can come into play at trial. See, generally, *People v. Pegenau*, 447 Mich. 278; 523 NW2d 325 (1994),[FN3] and *People v. Henderson*, 391 Mich. 612; 218 NW2d 2 (1974).

In *Pegenau*, the Michigan Supreme Court determined that the elements of the crime of possession of a controlled substance under MCL 333.7403(1) amounted to the operative words " '[a] person shall not knowingly or intentionally possess a controlled substance . . . . " ' *Pegenau*, *supra* at 292, quoting MCL 333.7403(1). The Court concluded that additional statutory language providing that a valid prescription would justify the possession of a controlled substance did not constitute an element of the crime but merely created an exemption that placed the burden of production on the defendant regarding his possession of a valid prescription. *Pegenau*, *supra* at 292-293.

The *Pegenau* Court relied on MCL 333.7531, which states:

(1) It is not necessary for this state to negate any exemption or exception in this article in a complaint, information, indictment, or other pleading or in a trial, hearing, or other proceeding under this

7

article. The burden of proof [FN4] of an exemption or exception is upon the person claiming it.

(2) In the absence of proof that a person is the authorized holder of an appropriate license or order form issued under this article, the person is presumed not to be the holder of the license or order form. The burden of proof is upon the person to rebut the presumption.

(3) A liability is not imposed by this article or [sic] an authorized state, county, or local officer, engaged in the lawful performance of the officer's duties.

The *Pegenau* analysis is applicable to this case. Defendant did not meet his burden of production to show that the morphine in question might have been a schedule 3 controlled substance.

In *Henderson*, *supra* at 616, the Michigan Supreme Court held that a defendant charged with possessing a concealed weapon under the former version of MCL 750.227 "has the burden of injecting the issue of license by offering some proof - not necessarily by official record - that he has been so licensed. The people thereupon are obliged to establish the contrary beyond a reasonable doubt." The *Henderson* Court made this holding even though the statute contained (and still contains) language indicating that a license can justify the possession of a concealed weapon. Similarly, in this case defendant was obliged to "inject[ ] the issue" regarding the schedule 3 requirements into trial, and he did not do so. *Henderson*, *supra* at 616.

In light of *Pegenau* and *Henderson*, defendant's argument that the prosecutor failed to establish an element of the crimes is without merit. Reversal is unwarranted.

[FN2.] The current version of MCL 333.7401(2)(a)(iii) does not provide for a mandatory minimum sentence.

[FN3.] We note that *Pegenau* was a plurality opinion but that a majority of the justices agreed with the holdings in *Pegenau* that are applicable to the instant case.

[FN4.] *Pegenau* did not reach the issue of the burden of proof but limited its analysis to whether the defendant bore the burden of production. See *Pegenau*, *supra* at 292 n 13.

*Abramczyk*, No. 253449, slip op. at 1-4 (emphasis added).

**2.     Discussion**

In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis added). In evaluating a sufficiency of the evidence claim, the court views both direct evidence and circumstantial evidence in the light most favorable to the prosecution, drawing all available inferences and resolving all issues of credibility in favor of the factfinder's verdict. *United States v. Rayburn*, 495 F.3d 328, 337-38 (6th Cir. 2007). The reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

Although petitioner characterizes this issue as a sufficiency of the evidence claim, he actually seeks to have this court overrule the Michigan Court of Appeals' construction of the state's controlled substance statutes, and remove from him the burden of showing the exceptional situation where the morphine he possessed might have been a schedule 3 substance punishable by a lighter sentence under M.C.L. § 333.7401(2)(b)(ii) rather than a schedule 2 substance punishable by a harsher sentence under M.C.L. § 333.7401(2)(a)(iii).[4] Petitioner's proposed habeas relief is off the mark. A sufficiency of the evidence claim "does not invite federal habeas courts to engage in

---

[4] When petitioner committed the crimes, an offense under § 333.7401(2)(b)(ii) was a punishable by imprisonment for not more than 7 years or a fine of not more than $10,000.00, or both, while the offenses under § 333.7401(2)(a)(iii), for which he was convicted, were each punishable by imprisonment for not less than 10 years nor more than 20 years.

9

a substantive analysis of state statutory terms" or "transform[] federal habeas courts into super-appellate state courts." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). For this reason, in determining whether sufficient evidence exists to support a conviction on habeas review, the standard set forth in *Jackson* "must be applied with explicit reference to the substantive elements of the criminal offense <u>as defined by state law</u>." *Jackson*, 443 U.S. 307 at 324 fn. 16 (emphasis added). Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner cannot seek federal habeas relief based upon his disagreement with the state appellate court's construction of a state statute. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("[a] federal court may not issue a writ on the basis of a perceived error of state law"). The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). *See also Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994) ("[t]he essential elements of a state crime are defined by state law"); *Cox v. Maxwell*, 366 F.2d 765, 767 (6th Cir. 1966) ("[i]t is within the province of a state to define crimes and to fix the punishment therefor").

Here, the Michigan Court of Appeals defined the elements for possession of a Schedule 2 substance to include morphine such as that possessed and delivered by petitioner in violation of M.C.L. § 333.7401(2)(a)(iii), and explicitly rejected petitioner's contention that the burden was on the prosecution to show that the morphine at issue was not a Schedule 3 substance in violation of M.C.L. § 333.7401(2)(b)(ii). The state courts construed the elements of M.C.L. § 333.7401(2)(a)(iii) to include the morphine at issue in this action. This court is prohibited from acting as a "super-appellate state court" and overruling the state court's construction of its criminal

statutes. Accordingly, petitioner's claim that the prosecution failed to prove an essential element of the crime should be denied because it raises an issue of state law that is not cognizable on federal habeas review.

      **C.**      **Petitioner's remaining habeas claims**

In an extension of his argument regarding the improper categorization of morphine as a Schedule 2 substance, petitioner contends in Issue II that a manifest injustice occurred because the jury was not given a choice to convict him for possession and delivery of a Schedule 3 substance. In the related Issue III, petitioner contends that his attorney was ineffective for failing to raise the Schedule 3 issue in the trial court.

      **1.**      **Procedural default (Issue II)**

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated

a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

The record reflects that petitioner's trial counsel did not object to a jury instruction regarding the classification of the morphine as a Schedule 2 controlled substance. *See* Trial Trans. II at pp. 149-53 (docket no. 36). When petitioner raised this allegedly defective jury instruction claim on appeal, the Michigan Court of Appeals considered the claim as waived in the trial court:

> Defendant next argues that manifest injustice occurred because the trial court did not instruct the jury regarding whether defendant possessed a schedule 2 or schedule 3 substance. Given our above analysis, this argument is without merit. Defendant did not meet his burden of production concerning the schedule 3 issue, and therefore the jury need not and should not have been instructed with regard to schedule 3 controlled substances. <u>Moreover, defendant's attorney acceded to the jury instructions without objection, despite being offered the opportunity to make any further changes to the instructions. Accordingly, any error was extinguished. People v. Carter, 462 Mich. 206, 215; 612 NW2d 144 (2000)</u>.

*Abramczyk,* No. 253449, slip op. at 4 (emphasis added).[5]

---

[5] In *Carter*, the Michigan Supreme Court distinguished the concepts of "waiver" and "forfeiture," observing that a "waiver" by counsel at the trial court level "extinguished any error" that the party could claim on appeal:

> The rule that issues for appeal must be preserved in the record by notation of objection is a sound one. *People v. Carines*, 460 Mich. 750, 762-765, 597 N.W.2d 130 (1999). Counsel may not harbor error as an appellate parachute. *People v. Pollick*, 448 Mich. 376, 387, 531 N.W.2d 159 (1995), quoting *People v. Hardin*, 421 Mich. 296, 322-323, 365 N.W.2d 101 (1984). "Deviation from a legal rule is 'error' unless the rule has been waived." *United States v. Olano*, 507 U.S. 725, 732-733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

> In two recent cases with similar facts, the Court of Appeals has agreed with the argument advanced by the prosecution in the present case. In *People v. Fetterley*, 229 Mich. App. 511, 518-519, 583 N.W.2d 199 (1998), the trial court denied the jury's request for a transcript of the testimony of one of the witnesses. The court explained that it did not have a transcript and instructed the jury to remember the testimony as best it could. Both attorneys indicated that they had no objection to the trial court's decision. *Id.*, 519, 583 N.W.2d 199. Rejecting the defendant's argument that this constituted an error requiring reversal pursuant to MCR 6.414(H), the Court of Appeals explained, "defense counsel expressly acquiesced to the court's handling of the jury's request. A defendant may not

Although not explicitly stated by the Michigan Court of Appeals, the court's limited discussion of the merits was nothing more than a plain error review. *See generally*, *Evans v. Mitchell*, No. 02-4339, 2009 WL 2707379 at *9 (6th Cir. Aug. 28, 2009) (a state appellate court's discussion of the merits to support the proposition that the trial result would not have been different is "an element of the plain error standard" for purposes of procedural default analysis). "Controlling precedent in our circuit indicates that plain error review does not constitute a waiver of state procedural default rules." *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir.2000). A state court's plain error analysis does not save a federal habeas petitioner from procedural default. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). "Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits." *Id. See Paprocki v. Foltz*, 869 F.2d 281, 284-285 (6th Cir. 1989) (limited review of an issue to prevent manifest injustice does not constitute a waiver of the procedural default). Accordingly, petitioner's Issue II is procedurally defaulted for purposes of this habeas review.

---

waive objection to an issue before the trial court and then raise it as an error" on appeal. *Id.*, 520, 583 N.W.2d 199. The Court of Appeals made a similar conclusion in *People v. Crawford*, 232 Mich. App. 608, 620, 591 N.W.2d 669 (1998), where, again, the matter was discussed between trial counsel and the trial court, and counsel agreed with respect to how the jury would be instructed. . . .

Waiver has been defined as "the 'intentional relinquishment or abandonment of a known right.' " *Carines*, *supra* at 762-763, n. 7, 597 N.W.2d 130, quoting *Olano*, *supra* at 733, 113 S.Ct. 1770. It differs from forfeiture, which has been explained as "the failure to make the timely assertion of a right." *Id.* "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (C.A.7, 1996), citing *Olano*, *supra* at 733-734, 113 S.Ct. 1770. Mere forfeiture, on the other hand, does not extinguish an "error." *Olano*, *supra* at 733, 113 S.Ct. 1770; *Griffin*, *supra* at 924-926.

*Carter*, 462 Mich. at 214-15.

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In this instance, petitioner asserts as cause the alleged ineffective assistance of counsel, which is also asserted as a separate claim in Issue III, i.e., that his trial counsel was ineffective for failing to raise the Schedule 3 jury instruction issue.

Ineffective assistance of counsel may constitute cause for excusing a procedural default, but only when the performance of counsel was so deficient that it could not be considered the representation guaranteed by the Sixth Amendment. *Id.*; *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland,* 466 U.S. at 687, the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original). Under *Strickland*, the

reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Strickland*, 466 U.S. at 689-690.

The Michigan Court of Appeals rejected petitioner's claim that his trial counsel provided ineffective assistance:

> Defendant additionally argues that his counsel's failure to raise the schedule 3 issue amounted to ineffective assistance of counsel. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v. Solmonson*, 261 Mich. App 657, 663; 683 NW2d 761 (2004). To prove ineffective assistance of counsel, a defendant must show that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* The defendant must also demonstrate a reasonable probability that his attorney's error or errors affected the outcome of the trial. *Id.* at 663-664. Defendant has not met his appellate burden. Indeed, there is no evidence that the morphine he delivered did, in actuality, fall under a schedule 3 classification. Accordingly, we cannot conclude that the attorney's failure to raise the issue affected the outcome of the trial. In addition, the attorney was not ineffective for failing to request a jury instruction regarding the schedule 3 issue, considering that defendant did not meet his burden of production in the lower court with regard to that issue. Reversal is not warranted.

*Abramczyk,* No. 253449, slip op. at 4.

Under Michigan's statutory scheme, the morphine at issue was classified as a Schedule 2 substance. Petitioner points to no evidence which suggests, let alone establishes, that the morphine was a Schedule 3 substance. Under these circumstances, there was no legal support for petitioner's counsel to object to the jury instructions as insufficient. "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3rd Cir. 1999). *See Lilly v. Gillmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("[t]he Sixth Amendment does not require counsel . . . to press meritless issues before a court"). Accordingly, the court concludes that petitioner's counsel did not

15

provide ineffective assistance of counsel. In the absence of ineffective assistance of counsel, petitioner has not demonstrated cause for the procedural default.

Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the limited nature of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. In the procedural default context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner offers no such new evidence that he is actually innocent of the crimes for which he was convicted. He has failed to meet the fundamental miscarriage of justice exception. Thus, petitioner's Issue II is procedurally barred and not subject to federal habeas review.

### 2. Ineffective assistance claim (Issue III)

Petitioner raised his ineffective assistance of trial counsel claim as part of his direct appeal. For the reasons as set forth in § II.C.1., *supra*, the court concludes that petitioner's ineffective assistance claim fails. The state court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief on this claim.

### V. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: January 20, 2010                    /s/ Hugh W. Brenneman, Jr.
                                           HUGH W. BRENNEMAN, JR.
                                           United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).