UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE EDWARD ABRAMCZYK,

       Petitioner,

                                CASE NO. 1:07-CV-235

v.

                                HON. ROBERT J. JONKER

MARY BERGHUIS,

       Respondent.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 41) and Petitioner's objection to it (docket # 42). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review, the Court concludes that Petitioner Eugene Edward Abramczyk's petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied.

**Background**

Following a trial, a jury convicted Mr. Abramczyk of three counts of delivery of 50 grams or more but less than 225 grams of a controlled substance (morphine) in violation of Mich. Comp. Laws 333.7401(2)(a)(iii). After applying several sentencing enhancements, the court sentenced Mr. Abramczyk to three consecutive terms of 10 to 40 years' imprisonment.

Mr. Abramczyk, with counsel, appealed several issues. Among his contentions were arguments that (1) his right to due process was violated because the prosecution failed to prove that he delivered a Schedule 2 rather than a Schedule 3 substance; (2) manifest injustice occurred when the jury was given legally incorrect instruction regarding delivery of a Schedule 2 substance; and (3) he received ineffective assistance of counsel when his counsel failed to object to the jury instructions. The Michigan Court of Appeals affirmed the convictions and sentences. The Michigan Supreme Court denied his request for leave to appeal, which included arguments regarding the three issues described above, and it also denied his motion for reconsideration. Mr. Abramczyk now has filed a petition seeking habeas relief under section 2254 on those same three issues.

**Discussion**

Mr. Abramczyk seeks relief under section 2254, which provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Before a petitioner may seek federal relief under section 2254, however, he must exhaust his claims by fairly presenting them to all available state courts. *See* 28 U.S.C. § 2254(b)(1)(A). Where the state court has adjudicated the petitioner's claims on the merits, the federal court's section 2254 review is limited by the Antiterrorism and

2

Effective Death Penalty Act of 1996. AEDPA prevents federal courts from retrying state cases and "ensure[s] that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). Under AEDPA, an application for writ of habeas corpus cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A federal habeas court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Instead, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. Additionally, AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Report and Recommendation recommends that Mr. Abramczyk's section 2254 petition be denied without an evidentiary hearing. It concludes that Mr. Abramczyk's first claim, regarding whether the prosecution failed to prove an element of his case, should be denied because it raises an issue of state law that is not cognizable on federal habeas review. It further concludes that Mr. Abramczyk's second claim, regarding the jury instructions, must be denied as procedurally defaulted in state court under an independent and adequate state rule: specifically, his counsel did not object

at trial to the instructions and his counsel was not constitutionally ineffective in failing to do so. It finally concludes that Mr. Abramczyk's third claim, regarding ineffective assistance of counsel, must be denied because the state's denial of that claim on the merits was (1) neither contrary to nor an unreasonable application of clearly established Federal law as determined by the Supreme Court and (2) not based on an unreasonable determination of the facts in light of the evidence presented.

Mr. Abramczyk first objects that the decision violated his right to have the prosecution prove every essential element of the claim beyond a reasonable doubt. He submits that the prosecution failed to prove an essential element of its case because there was no evidence that the drug he distributed was morphine as described on Schedule 2, instead of morphine as described on Schedule 3. As an objection to the factual evidence, this objection fails. The evidence in the state court included expert testimony from a forensic scientist working with the Michigan State Police who stated the substance involved was morphine, which is a Schedule 2 substance. *See* Mich. Comp. Laws 333.7214(a)(I) (describing Schedule 2 substances "[a]ny of the following substances . . . [including] . . . Morphine"). That determination was not unreasonable, and the petitioner has not rebutted it by clear and convincing evidence. 28 U.S.C. §§ 2254(d), (e)(1); *Bailey*, 271 F.3d at 656.

Mr. Abramczyk's objection also may be viewed as contending that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. In particular, he contends that the decision violated his right to have the prosecution prove every essential element of the offense beyond a reasonable doubt. In Mr. Abramczyk's view, the prosecution had the obligation to prove not only the presence of morphine but also the absence of any applicable exception to the Schedule 2 rating. The potentially applicable exception Petitioner cites is for recognized therapeutic compounds that

4

happen to include morphine in low concentrations. *See* Mich. Comp. Laws 333.7216(1)(g)(viii). The trial court ruled, and the Michigan Court of Appeals affirmed, that the offense of conviction under Michigan law does not require the prosecution to prove the absence of a possibly applicable exception to the general rule prohibiting delivery of morphine as a Schedule 2 controlled substance. Nothing about that decision violates federal constitutional law.

The Supreme Court has held that the prosecution must establish beyond a reasonable doubt "every fact necessary to constitute the crime." *See In re Winship*, 397 U.S. 358, 364 (1970). The substantive elements that constitute a crime, however, are "defined by state law." *See Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979). Under Michigan law, the elements of a crime do not include disproving an exception to an element. *See Michigan v. Pegenau*, 523 N.W.2d 325, 332 (1994). That is all Mr. Abramczyk can point to in his case: a potentially applicable exception. Michigan law explicitly identifies morphine as a Schedule 2 controlled substance. Mich. Comp. Laws 333.7214(a)(i). The jury convicted Mr. Abramczyk of delivering morphine in violation of this general rule. If he wished to establish that his delivery of morphine amounted to nothing more than diluted concentrations of morphine in a compound with other recognized therapeutic elements, *see* Mich. Comp. Laws 333.7216(1)(g)(viii), it was his obligation under Michigan law to assert and prove such a claim as an affirmative defense. *Pegenau*, 523 N.W.2d at 332; *see also* Mich. Comp. Laws 333.7531 ("It is not necessary for this state to negate any exemption or exception in this article . . . . The burden of proof of an exemption or exception is upon the person claiming it."). The Supreme Court has held that a state may place the burden of proving an affirmative defense on the defendant. *See Patterson v. New York*, 432 U.S. 197, 207-08, 210 (1977) ("We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable

5

doubt every fact constituting any and all affirmative defenses related to the culpability of an accused."). Accordingly, the Magistrate Judge correctly concluded that the state-court's decision was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Mr. Abramczyk's claim on this issue therefore does not merit habeas relief under AEDPA.

Mr. Abramczyk's last objection is that his counsel was ineffective, thereby establishing cause and prejudice sufficient to cure his procedural default and permit his claims to go forward on Federal habeas under section 2254. This objection is without merit. As discussed by the Report and Recommendation and by the Michigan Court of Appeals, there is no evidence that the morphine Mr. Abramczyk delivered failed to qualify as a Schedule 2 substance, and therefore his counsel had no legal support for objecting to the jury instructions on that issue. Mr. Abramczyk cannot meet his heavy burden of proving that his counsel was ineffective and that his counsel's error actually affected the outcome of his trial. *See United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

**Certificate of Appealability**

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not debate the outcome of Petitioner's claim, and therefore Petitioner should not be allowed to proceed further. *See id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed on January 20, 2010, is approved and adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus under section 2254 is **DENIED.**

2. A certificate of appealability is **DENIED**.


Dated:   March 4, 2010            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE